**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EARL ROY HARVEY,

Defendant - Appellant.

No. 12-50184

D.C. No. 2:10-cr-01144-AHM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted April 8, 2013
Pasadena, California

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

We review de novo the denial of a motion to suppress, and may affirm on

any ground fairly supported by the record. *United States v. Mayer*, 560 F.3d 948,

956 (9th Cir. 2009).

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Harvey's probation officer saw a computer and broadband card in Harvey's bedroom; Harvey admitted to using the computer, accessing the Internet, and communicating with another convicted felon, all in violation of his terms of supervised release; and a forensic review of the computer indicated that Harvey had replaced the hard drive before turning it over to the Probation Office: there was a non-factory hard drive *and* all the files on it had been loaded after the probation officer saw the computer. These facts established probable cause to believe that Harvey was in violation of his terms of supervised release, and, therefore, probable cause to search his residence for further evidence related to these violations, including the original hard drive. In light of the facts of the case, the information supporting the search was not stale when the search was conducted, about two months after the initial sighting of the laptop and one month after the forensic review. *See United States v. Lacy*, 119 F.3d 742, 745-46 (9th Cir. 1997).

Because the residential search was valid, the evidence seized during that search need not be excised from the affidavit supporting the search warrant for Harvey's email account. Therefore, the email warrant was also supported by probable cause.

We need not decide any of the other issues urged by the parties, including whether the residential search could have been justified by less than probable cause.

**AFFIRMED.**